***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted July 1; reversed and remanded for entry of judgment of conviction for second-degree criminal mischief, restitution award vacated, remanded for resentencing August 10, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KIRIL EFIMOVICH MARTUSHEFF,
*Defendant-Appellant.*

Linn County Circuit Court
20CR28912; A176152

Michael B. Wynhausen, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stacy M. Du Clos, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Reversed and remanded for entry of judgment of conviction for second-degree criminal mischief; restitution award vacated; remanded for resentencing.

**SHORR, P. J.**

Defendant appeals a judgment of conviction for first-degree criminal mischief, ORS 164.365, arguing that the trial court erred in denying his motion for judgment of acquittal and similarly erred in imposing restitution in the amount of $1,439.55 because, although the state adduced sufficient proof that he intentionally damaged property, it failed to prove that he damaged the property "[i]n an amount exceeding $1,000[.]" ORS 164.365(1)(a)(A). The state concedes that the evidence in this case does not support the conviction. The parties agree that the proper disposition is to remand for entry of judgment of conviction for the lesser-included offense of second-degree criminal mischief, ORS 164.354(1)(b) ("[a] person commits the crime of criminal mischief in the second degree if * * * [h]aving no right to do so nor reasonable ground to believe that the person has such right, the person intentionally damages property of another[.]"). The parties also agree that the restitution award should be set aside. The issue of restitution may be reconsidered on resentencing.

A lengthy discussion of the facts would not benefit the bench, the bar, or the public. Suffice it to say that defendant damaged a Pepsi machine and the state adduced evidence that its "book value" was $1,439.55. The court concluded that the evidence was sufficient to establish that the machine had been destroyed and that its replacement value was that amount. As the parties correctly observe, however, the state failed to present sufficient evidence to support a conclusion that the machine was destroyed or that its value was diminished in any particular amount. *See generally* ORS 164.115(1) ("value means the market value of the property at the time and place of the crime, or if such cannot reasonably be ascertained, the cost of replacement of the property within a reasonable time after the crime").[1]

---

[1] Defendant filed a supplemental brief assigning error to the trial court's failure to instruct the jury that a mental state of at least criminal negligence applied to the value element of first-degree criminal mischief. Because we accept the state's concession that the trial court should have granted defendant's motion for judgment of acquittal on the first-degree criminal mischief charge, we need not address defendant's supplemental assignment of error.

Reversed and remanded for entry of judgment of conviction for second-degree criminal mischief; restitution award vacated; remanded for resentencing.